# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50071 | DATE | 11/17/2004 |
| CASE TITLE | Karberg vs. Weber | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motions for summary judgment and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 11-19-04 date docketed | 56 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | 11-18-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | |
| LC courtroom deputy's initials | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Matthew Karberg, brings this action for damages against defendants Glen Weber (Weber) in his individual capacity as State's Attorney of Jo Daviess County, Illinois, Jo Daviess County, a necessary party, Jo Daviess County Deputy Sheriffs Brian Purchis (Purchis), and Casey Folks (Folks) individually, Brian Hartlep (Hartlep), and others not known to plaintiff while acting individually as police officers for the Galena City Police and Jo Daviess County Sheriff's Department. Plaintiff alleges defendants "made an unreasonable search and seizure" of plaintiff's "person and property" and "deprived plaintiff of his property without due process of law thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States." The event giving rise to this claim is the withdrawal of a blood sample from the plaintiff subsequent to his arrest for violation of 625 ILCS 5/11-501(a)(2), for driving under the influence of alcohol(DUI). This action is brought pursuant to 42 U.S.C. § 1983.

Weber, Purchis, Folks and Hartlep (collectively, "defendants") move for summary judgment. Plaintiff has not filed a response to the defendants' LR 56.1(a)(3) statement of undisputed material facts nor has plaintiff file a brief in opposition. Accordingly, the facts set forth by defendants are deemed admitted. LR 56.1(b)(3)(B). The court construes all facts and draws all reasonable inferences from those facts in favor of the non-moving party. McDonald v. Vill. of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004). However, where the non-moving party has not filed a response, the court's inquiry is limited to whether, viewed in the light of facts presented by the moving parties, judgment is appropriate as a matter of law. See Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993).

According to the facts admitted, plaintiff and his daughter were involved in a single car accident in Jo Daviess County. The child's mother, who was driving a different vehicle, took plaintiff and the child to Galena Strauss Hospital where plaintiff refused treatment and a blood alcohol test. The child was treated for bruises and minor lacerations. Defendants Hartlep, Purchis and Folks responded to the accident and met plaintiff in the hospital emergency room area. In statements to medical personnel and to Hartlep, plaintiff admitted he had consumed alcohol prior to the accident. Purchis detected a strong odor of alcohol from plaintiff's facial area, observed plaintiff's eyes were bloodshot, glassy and watery and observed plaintiff's balance was loose and his speech was slurred. Hartlep and Folks made similar observations regarding plaintiff's condition. Purchis believed he had probable cause to arrest plaintiff for intoxication. Based on plaintiff's statements to Hartlep and medical personnel, Purchis felt that the plaintiff would refuse to submit to tests to measure alcohol concentration. Purchis determined a non-consensual blood test was necessary to obtain evidence of blood alcohol concentration and because a child was injured in the accident.

Purchis telephoned Weber to verify that Illinois law provided for a non-consensual blood draw under circumstances where there has been an automobile accident resulting in injury to someone other than the driver and where there is probable cause to effect an arrest for driving under the influence of alcohol. Weber agreed that plaintiff's blood should be drawn for blood alcohol testing. Purchis advised plaintiff that a blood sample was necessary and placed plaintiff under arrest for DUI. Plaintiff's lawyer was present and, after discussion with plaintiff and Weber, advised plaintiff not to physically resist the blood draw. A trained phlebotomist drew a sample of plaintiff's blood. Plaintiff was thereafter charged with DUI and endangerment to a child.

Plaintiff moved in state court to suppress the blood alcohol test results based on violation of plaintiff's Constitutional rights and non-compliance with Illinois statutes 625 ILCS 5/11-502.2(c-3), and 625 ILCS 5/11-501.6(g) regarding conditions under which nonconsensual blood draws are permissible. Subsequent to a hearing in which evidence was presented and testimony was heard, the state court found there was probable cause for plaintiff's arrest for DUI. The court found there was not probable cause for a non-consensual blood draw under Illinois law and ordered the blood test results suppressed. The court did not reach any Constitutional issues. Plaintiff subsequently pleaded guilty to DUI and child endangerment in a plea bargain.

Defendants Purchis and Folks raise a collateral estoppel defense, averring that the state court's finding of probable cause to arrest plaintiff for DUI precludes plaintiff's §1983 claim. Federal courts generally have consistently accorded preclusive effect to issues decided by state courts whenever the state court would do so and when the party against whom the earlier decision is asserted had a "full and fair opportunity to litigate that issue in the earlier case." Allen v. McCurry, 101 U.S. 90, 94-96 (1980). Under Illinois law, collateral estoppel precludes re-litigation of issues in a subsequent proceeding when: (1) the party against whom the doctrine was asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result and (4) the issues are identical. Kraushaar v. Flanigan, 45 F.3d. 1040, 1050 (7th Cir. 1995).

The facts indicate that the state court hearing on plaintiff's motion to suppress the results of plaintiff's blood alcohol test fully considered the issue of probable cause to arrest plaintiff for driving under the influence of alcohol. Since the state court determined that probable cause existed for plaintiff's arrest, plaintiff cannot state claims against defendants based upon unreasonable search and seizure and violation of due process rights. See Ruppel v. Ramseyer, 33 F.Supp.2d 720, 724-25 (C.D. Ill 1999). Plaintiff is collaterally estopped from raising the issue of probable cause with regard to his §1983 claim for damages based on violation of his Fourth Amendment rights. The state court finding of the existence of probable cause precludes re-litigation of this issue in federal court.

Even if collateral estoppel did not apply here, defendants are entitled to summary judgment on a separate basis. Relying on Schmerber v. State of Calif., 384 U.S. 757 (1996), defendants argue that plaintiff's Fourth Amendment rights were not violated by the non-consensual blood draw. A police officer may obtain a compulsory blood test to determine blood alcohol content where probable cause exists to effect an arrest, circumstances to not permit time to obtain a warrant, and the test is a reasonable test. Schmerber, 384 U.S. at 770-71. The record contains no evidence that the compulsory withdrawal of plaintiff's blood sample did not meet the relevant Fourth Amendment standard of reasonableness. Based on the facts set out in plaintiff's complaint and defendants' motions for summary judgment, defendants had probable cause to arrest plaintiff for DUI. Defendants' belief that delay in obtaining evidence of plaintiff's blood alcohol would result in loss of evidence was reasonable. The test chosen to measure alcohol content was reasonable.

Plaintiff's complaint seems to center on allegations that defendants' violated state statutes regarding circumstances under which police may obtain non consensual blood draw thereby violating defendant's Constitutional rights. Alleged violations of state statutes do not alone establish a violation of the United States Constitution. Pasiewicz v. Lake County Forest Preserve District, 270 F. 3d 520, 526 (7th Cir. 2001). Therefore, plaintiff's allegations regarding violations of Illinois statutes have no effect on the court's determination regarding plaintiff's Fourth Amendment rights in the circumstances of this case.

Defendants also assert alternative defenses of qualified immunity which the court does not reach.

For the foregoing reasons, defendants' motions for summary judgment are granted.